# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID W. ROBINSON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0071** (BOR Appeal No. 2048591)
(Claim No. 2011020883)

**EIN SERVICES, LLC – ELF MCP ENTERPRISES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David W. Robinson, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. EIN Services, LLC – ELF MCP Enterprises, LLC, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 26, 2013, in which the Board affirmed a June 27, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 27, 2012, decision denying authorization for an electromyography (EMG) and refusing to add neuritis, radiculitis, and radiculopathy as compensable conditions of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Robinson worked for EIN Services, LLC. On September 15, 2010, he twisted his lower back, and the claims administrator held his injury compensable for a lumbar strain. Following the injury, Mr. Robinson was treated by Joseph J. DePetro III, M.D. Mr. Robinson complained of numbness and tingling down his right leg. An MRI was then taken of Mr. Robinson's lumbar spine which revealed mild degenerative disc disease and mild degenerative changes of the endplate and facet joint at the L4-5 disc. The MRI revealed no evidence of a

1

herniated disc or nerve damage. Joseph E. Grady III, M.D., then evaluated Mr. Robinson. Dr. Grady found that he did not report any radicular symptoms at the time of the evaluation. Dr. Grady performed a physical examination which revealed tenderness in his lumbar spine but found no clinical evidence of radiculopathy. Dr. Grady also found that Mr. Robinson had reached his maximum degree of medical improvement. Dr. Grady believed that Mr. Robinson should complete his scheduled physical therapy but did not need any additional invasive treatment. Following this evaluation, Mr. Robinson was treated by Dr. DePetro and again complained of radicular pain. However, Mr. Robinson's symptoms extended into his left lower extremity. Dr. DePetro stated that the nature and etiology of Mr. Robinson's symptoms were unclear. Dr. DePetro recommended that an EMG be taken of Mr. Robinson's lower extremities. He believed that the EMG would reveal an injured nerve in his lower back. Prasadarao B. Mukkamala, M.D., then performed a physician's review and determined that there was no objective evidence of radiculopathy. On December 27, 2012, the claims administrator denied Dr. DePetro's request to add radiculopathy as a compensable condition of the claim. In the same decision, the claims administrator denied authorization for an EMG of Mr. Robinson's lower extremity. Dr. DePetro then testified by deposition. He stated that he was unable to find objective signs of radiculopathy. He also noted that Mr. Robinson initially complained of right-sided radicular symptoms but more recently complained of left-sided symptoms. He also stated that the EMG was requested in order to properly diagnose Mr. Robinson's nerve damage. Victoria M. Langa, M.D., then performed a records review and found that the record did not reveal motor or sensory changes associated with radiculopathy. She believed that an EMG should not be authorized without these objective signs of radiculopathy. On June 27, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 26, 2013, leading Mr. Robinson to appeal.

The Office of Judges concluded that Mr. Robinson failed to show that radiculopathy should be added as a compensable condition of the claim. The Office of Judges based this determination on the evaluation of Dr. Grady and the records reviews of Dr. Mukkamala and Dr. Langa. It also found that the MRI revealed no evidence of nerve damage and radiculopathy. The Office of Judges also considered the treatment notes of Dr. DePetro, but it did not rely on his opinion because he was not able to point to any objective signs of radiculopathy. The Office of Judges found that Dr. DePetro was not able to explain the cause of Mr. Robinson's symptoms. The Office of Judges also concluded that Mr. Robinson did not show that an EMG was reasonably required for treatment of the compensable injury. It determined that a lumbar sprain was the only compensable condition of the claim and an EMG was not required to treat this condition. The Office of Judges relied on Dr. Grady's finding that Mr. Robinson did not require any additional treatment. The Office of Judges determined that Dr. DePetro's request for an EMG was not sufficiently supported by evidence of radiculopathy. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Robinson has not demonstrated that the diagnoses of neuritis, radiculitis, and radiculopathy are directly and causally related to the compensable injury. He has also not established that the requested EMG is medically related and reasonably required to treat his compensable injury. Although Dr. DePetro frequently made note of Mr. Robinson's complaints

2

of radicular symptoms, there is insufficient objective evidence to justify adding this diagnosis to the claim. The MRI in the record provided no evidence of nerve damage, and Dr. DePetro was unable to explain the inconsistent manifestation of Mr. Robinson's symptoms. Because a lumbar sprain is the only compensable condition in this claim, an EMG is not medically related or reasonably required. Dr. DePetro's request for an EMG was based exclusively on Mr. Robinson's subjective complaints of radicular pain. These complaints are insufficient to justify additional diagnostic testing in this case, considering the lack of any objective indication of radiculopathy.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3